UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION



| | |
|---|---|
| ROBERT McDEARMON, <br>     Petitioner, <br><br> v. <br><br><br> UNITED STATES OF AMERICA, <br>     Respondent. | ) No. CV 13-02869-R <br> ) <br> ) (Nos.  CR 08-00304-R <br> )        CR 08-00547-R <br> )        CR 08-00599-R) <br> ) <br> ) <br> ) PETITIONER'S REPLY TO <br> ) GOVERNMENT'S RESPONSE <br> ) |

NOW COMES, Robert McDearmon, pro se, hereinafter the petitioner, and responds to the Government's response dated July 25, 2013. As set forth in the attached memorandum of points and authorities, the petitioner would reassert his initial § 2255 filing based upon fraud, ineffective assistance of counsel in the negotiation (or complete lack thereof) in the plea contract, and that this contract is one of adhesion and thus requires the court to raise its awareness in scrutinizing any and all provisions contained therein.

**ARGUMENT**

Initially the government's response seems to downplay the essence of the relationship of the parties in this matter--first in the Constitution and secondly in the plea agreement itself. As found in <u>Mobile Gas Co. v. Patterson</u>, 290 F. 476 (11th Cir. 1923): "When a contract is made, the Constitution of the United States acts upon it..."Id.

There are generally four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the District Court was without jurisdiction to impose the sentence; 3) the sentence imposed was in excess of the maximum authorized by law; and 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; <u>United</u>

States v. Addonizio, 442 US 178, 185 (1979). The petitioner relies on all four of these violations.

A petitioner who raises a Constitutional or jurisdictional claim for the first time on collateral review, when those claims could have been asserted on direct appeal, must show both cause for the procedural default and actual prejudice due to and such errors. The government asserts that petitioner has failed to present any evidence which establishes that his sentence is a complete miscarriage of justice, or that his sentence is a transgression of Constitutional or jurisdictional dimension. Further, the government states, petitioner provides no basis for § 2255 relief.

Under United States v. Gonzalez-Melchor, 648 F.3d 959, 963 (9th Cir. 2011) plea agreements are construed as contracts between the prosecutor and defendant. See Santobello v. New York, 404 US 257 (1971) (a criminial defendant has a Due Process right to enforce the terms of his plea agreement; see also United States v. Cook, 406 F.3d 485 (7th Cir. 2005) ("A defendant who signed a plea agreement has all the defenses he would have under contract law; plus some, such as ineffective assistance of counsel." Id. (emphasis)). Further, in United States v. Bradford II, 433 F. Supp. 2d 1001, 1003 (2006), the Court articulated:

> To interpret the plea agreement, the court must apply the federal common law of contracts, which is informed by federal cases, states cases, and the Restatement (Second) of Contracts (Restatement)m insofar as such jurisprudence fairly typifies the general law of contracts. citing United States v. Andreas, 216 F.3d 645 n.5 (7th Cir. 2000).

The basic elements of an enforceable contract are three: the parties must reach a mutual understanding, consideration, and delineate the terms of the bargain with sufficient clarity. Gallagher v. Holt, 436 Fed. Appx. 754 (9th Cir. 2011) (The California Civil Code ("the Code") provides that consideration is an essential element of a contract. Cal. Civ. Code § 1550). Restatement § 17(1). When there is a lack of manifested intent, or consideration, a contract does not exist. Here, there is nothing bargained for as plea contract

the petitioner received was given on a "take or it leave it" basis: a contract of adhesion. Kreman v. Cohen, 337 F.3d 1024 (9th Cir. 2003) quoting Herbert v. Lankershim, 9 Cal. 2d 409, 475, 71 P.2d 220 (1937) (internal quotation marks omitted) (The adequacy of consideration doesn't matter, but it must be "something of real value.") (Absent evidence it was actually something the [defendant] bargained for, it is not consideration. Id. at 1029).

## THE COURT'S JURISDICTION

When a contract is ultra virus and void for want of prescriptions of law, a court is deprived of jurisdiction and jurisdiction is void. A contract that lacks any of the necessary elements is null from its inception and, therefore, the statute of limitations and rules of law do not affect it. Salmeron v. United States, 724 F. 2d 1357 (9th Cir. 1983) (It is elementary law that giving a party something to which he has an absolute right is not consideration to support that party's contractual promise. E.g., Maynard v. Durham & S.R. Co., 365 U.S. 160, 162, 5 L. Ed.2d 486, 81 S. Ct. 561 (1961)).

Additionally, "given the contractual nature of plea offers and given that the government drafted the offer, all ambiguities are to be resolved in favor of [the defendant]. See United States v. Anderson, 970 F.2d 602, 606 (1992) amended, 990 F.2d 1163 (1993); United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir. 1988); United States v. Partida-Parra, 859 F.2d 629, 633 (9th Cir. 1998). The Ninth Circuit has made it clear that "adhesion contracts should not be enforced if assent to them was obtained through unequal bargaining positions wherein the weaker party had no real opportunity to negotiate the terms. M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483 (9th Cir. 1982).

In Ricketts v. Adamson, 483 U.S. 1, n.3 (1987), the Supreme Court mandated that in all plea agreement disputes (be it state or federal) courts must use state contract law in their "construction and interpretation," and the concomitant obligations flowing therefrom, are within broad bounds of

reasonableness, matters of state law.

Therefore, under Adamson, federal courts are required to construe and interpret plea agreements in accordance with state contract law. If the United States government, or any branch thereof, enters into a contract with an individual, "natural or corporate," it does so in its private of business capacity and not as a sovereign, and submits itself to the same rules of law which govern the construction of contracts between individuals. Lynch v. United States, 292 U.S. 571 (1934). The government seems oblivious to these facts.

The obligation of contracts, in the sense in which those terms are used in the Constitution, is that duty of performing--recognized and enforced by laws. Sturges v. Crownshield, 17 U.S. 122 (1819); See also Walker v. Whitehead, 83 U.S. 314 (1873) (Validity and remedy are both parts of the obligation of contracts and are guaranteed by the Constitution against impairment.) This is the objective of the petitioner: to seek this Honorable Court's scrutiny regarding the "supposed" consideration. At best, the government has offered an illusory contract. The government, in the drafted plea contract offers nothing of "real value." The sentence that the petitioner received, 151 months on each case to run concurrently, was well within the Guideline sentence that the petitioner was subject to, 151 months to 188 months imprisonment. Furthermore, as stated in the plea agreement (plea agreement "plea" p.8 ¶15) and the United States Sentencing Guidelines (U.S.S.G. § 3E1.1) the petitioner was entitled to receive the points "offered" by the government. Again, the petitioner asks, where is the consideration?
At this time the petitioner would like to bring to the Court's attention yet another misstatement made by the government. In its response ("response" p. 10 footnote 5), the government states, "To the extent that defendant argues that his offenses would have been grouped under the Guidelines, defendant is incorrect." In fact, it is the government who is incorrect.

Pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 3d1.2, the defendant is entitled to have his charged offenses grouped: "Offenses covered by the following guidelines **are to be grouped** under this subsection...§§ 2G2.2." Clearly, when reading the written plea agreement (p. 7 ¶15) the government used this section of the U.S.S.G. to calculate the petitioner's offense level. The failure of defense counsel to recognize this, combined with the other numerous errors of counsel (e.g., failure to negotiate, and failure to obtain a "valid" plea agreement) is both a miscarriage of justice and ineffective on the part of petitioner's then counsel.

## PLEA CONTRACT & THE COURT

The petitioner entered into a Federal Rules of Criminal Procedure 11(c)(1)(c) plea agreement with the government. The government inserts an argument as to the waiver provision (government response p. 6) in the plea agreement. The petitioner concedes that this provision does, in fact, appear in the plea contract. However, contrary to the governments assertion, "...defendant unambiguously waived the right to collaterally attack his conviction. Most of defendant's claims are contractual arguments that his plea agreement should not be enforced. Defendant waived such claims by entering into the plea agreement...," ..."a party cannot waive the right to sue for fraud in the inducement by a provision in the contract whose validity is challenged." Martrano v. Quizno's Franchise Co., L.L.C., 2009 U.S. Dist. LEXIS 52025; see also Washington v. Lampert, 422 F.3d 864, 870, 871 (9th Cir. 2005) citing United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) ("We hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the **validity of the plea** or the waiver.")(emphasis added). Here, again, the Ninth Circuit, along with other Circuit Courts, have already determined the inaccuracy of the government's claims.

There is nothing negotiated in the plea contract at all. Therefore, as a matter of Contract law, unenforceable based on its adhesive nature. M/V American Queen, supra. The government would assert that the waiver should be adhered to, while in contract jurisprudence (as found in Williams v. Diguglielmo, 2006 U.S. Dist. LEXIS 27666) courts are tasked 'first' to find a contract, to include all elements therein. This failure violates the clearly established mandates established in Santobello and Adamson, respectively, supra.

## STATUTE OF LIMITATIONS & 2255

As asserted in the initial filing, the Supreme Court has been clear, both in its initial ruling and its progeny regarding fraud in a contract:

> This Court has long ago adopted as its own the old chancery rule that where a plantiff has been injured by fraud and 'remains' in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts...to conceal it from the knowledge of the other party. Holmberg v. Armbrecht, 327 U.S. 392, 397, 90 L. Ed. 743, 66 S. Ct. 582 (1946) (quoting Bailey v. Glover, 88 U.S. (21 Wall.) 342, 348, 22 L. Ed. 636 (1874). This equitable doctrine is **read into every federal statue of limitation**. Holmberg, 327 U.S. at 397. (emphasis added.)

Furthermore, as found in Von Brimer v. Whirlpool Corp., 536 F.2d 838 (9th Cir. 1976) (quoting Hobart v. Hobart Estate Co., 26 Cal.2d 412, 437, 159 P.2d 958, 972 (1945), infra, and Helfer v. Hubert, 208 Cal. App. 2d 22, 24 Cal Rptr. 900, 902 (1962), infra: "The statute commences to run only after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." Hobart, supra.

> While this question of knowledge can be a factual one, "when [the] knowledge had by or imputed to plantiff is such as to compel the conclusion that a prudent man would have suspected the fraud, the court may determine as a matter of law that there has been 'discovery.'" Helfer, supra.

The petitioner asserts that the acts of the attorneys in these matters amounts to fraud both against the court and against the petitioner. If, under scrutiny, the "consideration and mutual assent" fails, the document is void as a matter of law. If document void ab initio, then the court is deprived of jurisdiction to entertain any matter therein. If the court did not have jurisdiction, the attorney's creation, application and advocacy of the document to the petitioner is certainly a misrepresentation and fraudulent.

-6-

Thus, under Holmberg, supra, the court has held that the principle of laches and contractual defenses will not lend itself to fraud and the statute of limitations does not affect it. "This equitable doctrine is read into every federal statute of limitations." Holmberg, 327 U.S. 397.

## SUMMATION

WHERRFORE, inter alia, the petitioner requests an evidentiary hearing, appointment of counsel, summary judgement, and an expedited determination of the matters before this Honorable Court, based on a conviction of a void contract plea. The petitioner requests this and any and all other relief deemed proper before this Court.

This the 8th day of August 2013.

*Robert McDearmon*

Robert McDearmon

CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing on the parties so listed by placing the same in the United States mail addressed as follows:

JENNIFER A. CORBET
ASSISTANT UNITED STATES ATTORNEY
13th Floor, U.S. Court House
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012


*Robert McDearmon* (signature)
ROBERT McDEARMON
44489-112
FCI-BEAUMONT LOW
P.O. BOX 22260
BEAUMONT, TX 77720