JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. | CV 13-2869-R |
| | ) | | CR 08-304-R |
| | ) | | CR 08-547-R |
| Plaintiff, | ) | | CR 08-599-R |
| | ) | | |
| vs. | ) | ORDER DENYING DEFENDANT'S | |
| | ) | MOTION UNDER TITLE 28 U.S.C. § 2255 | |
| ROBERT J. MCDEARMON, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| ──────────────────── | ) | | |

**I.    INTRODUCTION**

Defendant Robert J. McDearmon ("Defendant"), a federal prisoner proceeding *pro se*, has petitioned the Court to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. § 2255. Defendant was convicted on August 8, 2008 and sentenced on November 4, 2008, pursuant to a plea agreement. Defendant filed this motion for post-conviction relief on April 23, 2013. The motion is made on the grounds that the imposed sentence was in contravention of the Constitution or laws of the United States, the Court lacked jurisdiction to enter the guilty plea and sentence Defendant, and that Defendant's counsel provided ineffective assistance. Specifically, Defendant makes the following contentions: (1) the plea agreement is void for lack of mutual assent and

Case 2:08-cr-00304-R   Document 34   Filed 08/28/13   Page 2 of 3   Page ID #:163

consideration; (2) the plea agreement may be avoided because it is a contract of adhesion and both procedurally and substantively unconscionable; and (3) Defendant's counsel, W. Michael Mayock ("Counsel"), was ineffective because he failed to give adequate advice to Defendant about the plea bargain and failed to negotiate a more favorable plea. Pet.'s Mot., ECF No. 1. The Court has carefully considered the record and the applicable law, and for the reasons set forth below, finds that the motion must be dismissed.

## II.   STATUTE OF LIMITATIONS FOR CLAIMS BROUGHT PURSUANT TO TITLE 28 U.S.C. § 2255.

Pursuant to Title 28 U.S.C. § 2255(f), the period of limitation for seeking relief under the statute is one year from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Here, the latest of the above mentioned dates was the date of the judgment of conviction, after the time for appeal had expired: November 19, 2008. Indeed, none of the other dates would operate to extend the period to file for relief because there has been no governmental barrier to bringing this motion, there has been no new retroactive right recognized by the Supreme Court, and all the facts were known or discoverable at the time Defendant signed his plea agreement. Thus, this petition, which was filed on April 23, 2013, must be dismissed as it is barred by the statute of limitations.

The Court also notes that Defendant's argument for equitable tolling misses the mark. According to Defendant, his attorney's ineffective assistance amounted to fraud and therefore the statute of limitations should be tolled. Notwithstanding the obvious deficiencies in Defendant's ineffective assistance of counsel argument, *see Strickland v. Washington*, 466 U.S. 668, 687-88

2

(1984) (outlining the two requirements for making out an ineffective assistance claim), Defendant's petition admits that Defendant knew of each of the facts upon which the fraud allegation – and the other contract avoidance allegations – are premised at the time he signed the plea agreement. To invoke the doctrine of equitable tolling the petitioner must show that "he has been pursuing his rights diligently, and [] that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2569, 2562-63 (2010) (citation and internal quotation omitted). Defendant has failed to present facts establishing either element required to invoke the doctrine. Consequently, Defendant is not entitled to equitable tolling of the statute of limitations.

## III. CONCLUSION

For the foregoing reasons, Defendant has failed to demonstrate that he is entitled to relief under Title 28 U.S.C. § 2255.

IT IS HEREBY ORDERED that Defendant's Motion under Title 28 U.S.C. § 2255 is DISMISSED.

Dated: August 28, 2013.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE